Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MMG INVESTMENTS IV, LLC<br><br>Recurrido<br><br>V.<br><br>JOSÉ GILBERTO TORRES RÍOS, MARIANELA RIVERA MEDINA, TORRES-RIVERA SOCIEDAD LEGAL GANANCIALES<br><br>Peticionarios | TA2025CE00162 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm. UT2024CV00589<br><br>Sobre: Ejecución de Hipoteca, Propiedad Comercial |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

El 17 de julio de 2025 comparecieron ante nosotros, mediante recurso de *certiorari*, el señor José Gilberto Torres Ríos, su esposa, la señora Marianela Rivera Medina y la Sociedad Legal de Gananciales compuesta entre ambos. Nos solicitan la revocación de una Resolución y Orden dictada el 2 de junio de 2025 por el Tribunal de Primera Instancia (TPI) sobre una reclamación en su contra. Para comprender la determinación que hoy tomamos, detallamos los hechos esenciales entre las partes.

**I**

La Parte Demandante, aquí recurrida, MMG Investments IV, LLC, en adelante parte recurrida o MMG, presentó una Demanda de ejecución de hipoteca de propiedad comercial contra los peticionarios el 19 de noviembre de 2024. Reclamó ser tenedora de ciertos pagarés suscritos por la parte peticionaria y garantizados mediante hipoteca. Alegó que la parte peticionaria había incumplido con sus obligaciones según consignadas en el pagaré; que había hecho gestiones para reclamar el cumplimiento, sin ningún

resultado, por lo que suplicaba al foro primario el pago de la deuda o la ejecución de la garantía hipotecaria.[1]

Así las cosas, el 11 de marzo de 2025, la parte peticionaria -sin someterse a la jurisdicción del tribunal- presentó una *Moción solicitando desestimación y honorarios por temeridad.* Reconoció que la recurrida le había enviado una carta de cobro el 16 de octubre de 2024, en la cual le concedió 30 días laborables para pagar la deuda o le advertía que comenzaría un proceso legal. Expuso que, dentro de los 30 días laborables, le cursó a MMG un requerimiento de información bajo las disposiciones de RESPA.[2] Adujo que la recurrida contestó negando la aplicación de RESPA y puntualizando que ya se había presentado la demanda. Para los peticionarios, la Demanda se presentó antes del término establecido por lo que el foro primario nunca adquirió jurisdicción. Por esa razón señalaron que el tribunal no tenía jurisdicción sobre la materia y debía desestimar el recurso.[3]

La parte recurrida se opuso a la desestimación. Solicitó al foro que tomara conocimiento judicial del Caso Civil Núm. LCD2013-0082 en el cual, debido al incumplimiento de los demandados con sus obligaciones prestatarias, éstos mismos firmaron una *Solicitud de Sentencia por Consentimiento,* la cual se dictó como sentencia el 7 de enero de 2014 y, la cual fue igualmente incumplida por éstos. Sostuvo ser el tenedor legítimo de los pagarés y la persona con derecho a exigir su cumplimiento. Además, puntualizaron que en el Contrato de Préstamo en el artículo 16, inciso 16.7, los demandados, específicamente, renunciaron a toda notificación de aceptación o demanda o requerimiento para la realización de cualquier condición precedente por parte del acreedor y, así mismo, renunció a todos los

---

[1] Véase Demanda, Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada número 1 ante el TPI.
[2] Real Estate Settlement Procedures Act, P.L. 93-533, 88 Stat. 1724.
[3] Véase SUMAC, entrada número 15 ante el TPI.

derechos de presentación, protesto, notificación de incumplimiento o falta de pago. También se obligaron a subsanar cualquier incumplimiento en un plazo de treinta (30) días, desde su ocurrencia. Y, en cualquier caso, que surgiese una discrepancia en cuanto a los periodos de gracia que le fuesen concedidos, para todos los fines legales pertinentes, acordaron prevalecería el más corto. En adición, los demandados -específicamente- renunciaron a toda notificación en caso de incumplimiento o falta de pago. Afirmó que de buena fe les envió un requerimiento de pago y que, en vez de cumplir con sus obligaciones, los peticionarios enviaron al administrador del préstamo o "servicer" una carta o "Qualified Written Request", bajo RESPA, así como información adicional bajo el Truth and Lending Act (TLA). Este les respondió que al préstamo en acción de cobro no le aplicaban las antedichas disposiciones federales por ser una propiedad comercial. En fin, que los peticionarios proponían alegaciones conclusorias, que no están fundamentadas en derecho aplicable alguno.[4]

La parte peticionaria replicó. Finalmente, el 2 de junio de 2025 el foro primario emitió Resolución y Orden. Concluyo que el préstamo es de naturaleza comercial por lo que no aplicaba RESPA en virtud de la excepción sobre "business purpose loans" establecida en el Reglamento X, 12 CFR sec. 1024.5. No obstante, reconoció que el administrador del préstamo les había respondido a los peticionarios el requerimiento de información en carta fechada el 7 de enero de 2025. También reafirmó que los peticionarios habían renunciado a los derechos de presentación, protesto, demanda, notificación o aviso ante un incumplimiento, así que, si bien era cierto que la parte demandante envió carta otorgándole 30 días laborales a la parte demandada para pagar la deuda, previo a radicar

---

[4] Véase SUMAC, entrada número 21 ante el TPI.

la demanda, ésta última no había presentado evidencia de que la misma había sido pagada. Por consiguiente, existía una controversia justiciable, madura, entre partes con intereses opuestos, que no se trataba de una opinión consultiva y el daño era suficiente para requerir adjudicación judicial.  Por tal razón, declaró No ha Lugar la *Moción solicitando desestimación y honorarios por temeridad* y la *Réplica.*[5]

Inconforme con el dictamen, los peticionarios presentaron *Moción de Reconsideración* que fue declarada No ha Lugar el 18 de junio del año en curso.   Aun inconformes presentaron, oportunamente, el recurso de *Certiorari* que nos ocupa en el que señalan que el foro cometió el siguiente error.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR LA CAUSA DE ACCIÓN EN CONTRA DE LA PARTE DEMANDADA PETICIONARIA, A PESAR, QUE CARECÍA DE JURISDICCIÓN POR NO HABER TRANSCURRIDO EL TÉRMINO VOLUNTARIAMENTE CONCEDIDO POR LA PARTE DEMANDANTE RECURRIDA Y POR HABERSE PRESENTADO UN REQUERIMIENTO DE INFORMACIÓN AL AMPARO DE R.E.S.P.A. Y AL NO CONCEDER LAS COSTAS, GASTOS Y HONORARIOS POR TEMERIDAD EN EL PRESENTE CASO.

**II**

En su recurso ante nos, los peticionarios reconocieron que no hay controversia en que se recibió una comunicación en la que se le concedieron 30 días laborables para el pago, pero sostuvieron que, dentro de dicho término, presentaron un requerimiento de información al amparo de RESPA. Puntualizaron que MMG había radicado la demanda antes de que expirara el término concedido. Afirmaron que la carta de cobro constituía una declaración unilateral de voluntad, con la cual MMG estaba obligada a cumplir conforme el artículo 1081 del Código Civil de Puerto Rico de 2020, 31 LPRA § 9016. A su entender, la carta tuvo el efecto de privar al tribunal de su jurisdicción sobre la materia, hasta tanto no

---

[5] Véase SUMAC, entrada número 30 ante el TPI.

transcurriera el término establecido. Añadió que ellos enviaron, dentro del término concedido, el requerimiento de información al amparo de RESPA que extendió el término. Por dichas razones, al presentarse la Demanda antes del término, según los peticionarios, el tribunal no tenía jurisdicción sobre la materia y cualquier determinación emitida era nula. Puntualizaron que tenían derecho a solicitar que se dejara sin efecto lo realizado contrario a la obligación contraída, o sea, que se desestimara la demanda al amparo del Artículo 1082 del Código Civil de Puerto Rico de 2020. Y, además, reclamar los daños y perjuicios causados por el incumplimiento, así como las costas, gastos y honorarios de abogados, toda vez que la parte recurrida actuaba de mala fe, de forma temeraria, en contra de sus propios actos y contrario a los postulados y a las prácticas aceptadas en nuestro sistema de derecho. No solo al radicar la demanda antes de tiempo, sino también al continuar con los procedimientos y no desistir voluntariamente, luego de advenir en conocimiento o ser apercibidos del error cometido. Como argumento, adicional, señaló que era el incumplimiento con la obligación nueva contraída voluntaria y unilateral de la parte recurrida, la que había privado de jurisdicción a los tribunales para atender el asunto al momento de presentarse la demanda.[6]

### III

El *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA § 3491; *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 206 DPR 391, 403 (2021); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape,*

---

[6] Véase SUMAC, entrada número 1 ante el TA.

*Inc.,* 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR,* 185 DPR 307, 337 (2012); *García v. Padró,* 165 DPR 324, 334 (2005).

En cuanto a la discreción para expedir el mismo, puntualizamos que la discreción judicial implica la autoridad para elegir entre diversas opciones, sujeto a no enajenarnos del Derecho. Se considera una forma de razonabilidad aplicada al discernimiento judicial con el fin de llegar a una conclusión justa. *IG Builders v. BBVAPR,* supra, pág. 338; *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *García v. Padró,* supra, págs. 334–335.

Como cuestión de umbral, ante todo recurso de I, hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que; el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Superado el análisis de la Regla 52.1, *supra,* y concluyendo que estamos autorizados a intervenir conforme a la regla aludida, nuestra evaluación conlleva un segundo examen, previo al ejercicio de nuestra discreción.

Nos referimos a evaluación de los criterios mencionados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Esta dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 175-176 (2020); *IG Builders et al. v. BBVAPR,* supra, pág. 338. Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso que se permita recurrir de las diversas resoluciones que recaen en los diversos actos procesales que finalmente han de culminar en una sentencia final, pues se interrumpe la marcha ordenada del proceso

litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

Por último, es pertinente enfatizar que se ha resuelto que el denegar la expedición de un auto de *certiorari* no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98. La parte afectada con la denegatoria de expedirse el auto de *certiorari*, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón Placer v. Sec. de Justicia*, 154 DPR 79, 93 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

Explicada la normativa relacionada al recurso recibido, resolvemos. Nos encontramos ante una moción de carácter dispositivo que justifica nuestra intervención al amparo de la regla 52.1 de Procedimiento Civil. Superado dicho análisis, guía nuestro criterio los supuestos que forman parte de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Al amparo de los cuales determinamos no expedir el recurso, por lo que denegamos.

**IV**

Por las razones antes expresadas, denegamos el recurso presentado.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones